IN THE MATTER OF CHARLES M. STEVENS, MUNICIPAL
MAGISTRATE OF THE BOROUGH OF RARITAN.

Argued December 15, 1955—Decided December 19, 1955.

The opinion of the court was delivered by

VANDERBILT, C. J. The attention of this court was directed to the conduct of Magistrate Charles M. Stevens at a session of the Municipal Court of the Borough of Raritan held by him on November 18, 1955, through certain newspaper articles concerning said session and photographs published therewith. The magistrate having failed to respond to letters sent him by the Chief Justice and the Administrative Director of the Courts asking for an explanation, an order was issued directing him to show cause why he should not be held in contempt for violating the Rules Governing the Municipal Courts promulgated by this court and the Canons of Judicial Ethics which have been adopted as rules of court governing the conduct of all judges in this State.

At the hearing on the order to show cause the following facts were established, principally by Magistrate Stevens' own admissions:

(a) His court was not kept and maintained in a clean, orderly and dignified manner.

(b) He failed to control the proceedings in his court, in that he permitted the taking of numerous photographs by various photographers while his court was in session.

(c) He permitted smoking in the courtroom by litigants and spectators; in fact, he himself was smoking during the session of his court.

(d) He did not wear a judicial robe while court was in session; in fact, he admitted that he had never worn a judicial robe.

(e) He discussed matters extraneous to the business of his court, in commenting on the actions of the police department and the borough council.

(f) He failed to keep proper order in his court by permitting litigants and spectators to shout and mill around.

(g) He offered to dance with a woman reporter in the courtroom.

(h) He threw a handful of summonses into the air in the courtroom at the request of photographers.

It is obvious that the conduct of Magistrate Stevens on this occasion was shockingly in violation of the standards imposed by the Rules of Court and the Canons of Judicial

Ethics. *R. R.* 8:13–6 requires that every magistrate maintain his court "in an orderly and dignified manner." *R. R.* 8:13–7(*a*) provides that every magistrate shall "conduct his court and his professional and personal relationships in accordance with the Canons of Judicial Ethics adopted by the American Bar Association." Canon 4 of the Canons of Judicial Ethics provides that "A judge's official conduct should be free from impropriety and the appearance of impropriety; he should avoid infractions of law; and his personal behavior, not only upon the Bench and in the performance of judicial duties, but also in his everyday life, should be beyond reproach." Canon 21 states that "A judge should adopt the usual and expected method of doing justice, and not seek to be extreme or peculiar in his judgments, or spectacular or sensational in the conduct of the court." Most pertinent is Canon 35: "Proceedings in court should be conducted with fitting dignity and decorum. The taking of photographs or the making of sketches of the court room or of any person in it during sessions of the court or recesses between sessions, and the broadcasting of court proceedings by radio or television are calculated to detract from the essential dignity of the proceedings, degrade the court and create misconceptions with respect thereto in the mind of the public and should not be permitted." *R. R.* 8:13–7(*c*) states that "Every magistrate shall wear a judicial robe during court sessions."

During the past seven years every effort has been made to improve the stature of the municipal courts so that they would merit the respect of the persons appearing before them and of the public generally. Great progress has been made in this regard and today the municipal courts of this State are quite different from their predecessors and are held to the same high standards as all other courts. In fact, these are the first serious violations in a municipal court that have come to our attention. Violations of these standards are detrimental not only to the particular court in which they occur, but to the administration of justice generally throughout the State. Every judge, including the magistrates of the

municipal courts, by force of his own example and, when necessary, by resort to the power to hold in contempt, has the means to insure and is responsible to see that proceedings in his court are conducted in such manner as to engender respect for law.

The obligation to maintain the integrity and the dignity of our courts is not alone upon the individual judges presiding over them. Every citizen, be he a defendant, a witness, a spectator or a representative of the press, has an obligation to govern his own conduct and behavior in the courtroom in conformity with the accepted standards and is punishable by the court for a failure to do so. This court is charged by the Constitution with the making of rules governing the administration of and the practice and procedure in all of the courts of the State. It has a responsibility to see that those rules are complied with.

While ordinarily we would consider the conduct such as displayed by Magistrate Stevens as requiring that a judgment in contempt be entered, there are in this particular case extenuating circumstances. Magistrate Stevens, a man 77 years of age, at the hearing on the order to show cause submitted his resignation as magistrate, effective immediately. We are confident that the other judges and magistrates in this State fully appreciate the obligation that is theirs to conduct themselves and their courts in keeping with the high standards imposed on all judges and magistrates by the Rules of Court and the Canons of Judicial Ethics. In these circumstances, we are of the opinion that to punish Magistrate Stevens for his transgressions would serve no useful purpose.

The order to show cause is discharged.

*For discharge of order*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.